IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH EDWIN HORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:11cv82-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Plaintiff, Kenneth Edwin Horton, applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and supplemental security income payments under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.* His applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date through the date of the decision. Tr. 15. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("the Commissioner").[1] *See Chester v. Bowen*, 792 F.2d

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #14); Def.'s Consent to Jurisdiction (Doc. #13). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The Court's review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions,

>including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was fifty-two years old at the time of the hearing before the ALJ. Tr. 14, 23. Plaintiff completed high school. Tr. 14, 23. Plaintiff's past relevant work experience was as a "labor[er] in [the] construction industry." Tr. 14; 24. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had "not engaged in substantial gainful activity since January 9, 2009, the alleged onset date." (Step 1). Tr. 10. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "genital warts and hypertension." Tr. 10. The ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ." (Step 3) Tr. 11. Next, the ALJ found that Plaintiff

>has the residual functional capacity to perform medium work . . . except with mild to moderate postural limitations; mild to moderate manipulative limitations; and avoidance of hazards of heights and machinery.

Tr. 11. The ALJ then found that Plaintiff is unable to perform his past relevant work. (Step 4) Tr. 14. At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with a VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 14. The ALJ identified the following occupations as examples: "janitor," "food preparation

worker," and "dishwasher." Tr. 15. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from January 9, 2009, through the date of th[e] decision." Tr. 15.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this Court's consideration in determining whether the ALJ's decision is supported by substantial evidence: 1) whether the ALJ "erred as a matter of law in failing to properly evaluate [Plaintiff's] subjective complaints in accordance with the Eleventh Circuit's pain standard;" and 2) whether the ALJ "erred as a matter of law in failing to sustain his burden of establishing that there is other work in the national economy that [Plaintiff] can perform." Pl.'s Brief (Doc. #10) at 8-9.

## V.   DISCUSSION

### A.   The ALJ's evaluation of Plaintiff's subjective complaints of pain.

Plaintiff claims "the ALJ erred in failing to properly evaluate [Plaintiff's] subjective complaints of pain in accordance with the pain standard enunciated in the Eleventh Circuit." Pl.'s Brief (Doc. #10) at 8. Plaintiff argues that the ALJ did not give appropriate weight to Plaintiff's testimony regarding the pain he experiences from his genital warts condition, that there is objective medical evidence that supports his assertions of pain, and that the ALJ "limited [Plaintiff's] testimony during the hearing" and, therefore, did not allow him to fully develop the record about his pain and other symptoms. Pl.'s Brief (Doc. #10) at 8-9. Defendant contends "the ALJ reasonably discounted Plaintiff's subjective statements based

6

on inconsistencies between his statements and the record." Def.'s Brief (Doc. #11) at 6.

The Court of Appeals for the Eleventh Circuit has articulated its "pain standard," governing the evaluation of a claimant's subjective testimony about pain, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The ALJ evaluates the "claimant's subjective testimony of pain" only after the claimant satisfies the first and one of the alternate portions of the second prong of the pain standard. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Eleventh Circuit has also held that, "in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Id.* at 1561. Importantly, it is only evidence of the underlying condition which could reasonably be expected to cause pain, not evidence of actual pain or its severity, which must be presented by the claimant to satisfy the "pain standard." *Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991); *see also Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986); *Hill v. Barnhart*, 440 F. Supp. 2d 1269, 1272-73 (N.D. Al. 2006) (quoting *Elam*, 927 F.2d at 1215). Where the ALJ proceeds to consider the claimant's subjective testimony about pain, the ALJ's decision to reject or discredit such testimony is reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). Finally, if the ALJ

determines to discredit subjective pain testimony and such testimony is crucial to the claimant's assertion of disability, the ALJ "must articulate specific reasons for questioning the claimant's credibility." *Id.*

At the hearing before the ALJ, the claimant testified about his pain. When asked what "would prevent [him] from working full time," Plaintiff indicated that he suffers from genital warts and had suffered a stroke approximately two weeks before the administrative hearing. Tr. 25. The ALJ asked whether he was "in any kind of significant physical pain on a regular basis," to which Plaintiff responded, "Yes, my right side. . . . It hurts sometime." Tr. 27. However, Plaintiff indicated that he began noticing the pain on his right side after he suffered the stroke. *Id.* On examination by his attorney, Plaintiff indicated that his warts "drain [and] hurt," "hurt all the time," and that the pain is "about a 4" on a scale of 1 to 10. Tr. 32. Plaintiff also testified that he can walk "about two blocks," stand "about 10 minutes," but indicated no limitations with his ability to "sit down," indicated he can lift "about five [pounds]" without hurting himself, push, pull and pick up objects with his left hand, and climb a couple of steps to enter a building. Tr. 30-31.

Based upon his review of the record and Plaintiff's testimony, the ALJ determined that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with" the RFC articulated by the ALJ. Tr. 14. Thus, the ALJ found that

Plaintiff passed through the threshold of the "pain standard," but that his testimony about the intensity of the pain was not fully credible. Accordingly, the ALJ was required to "articulate specific reasons for questioning the claimant's credibility[,]" and those reasons must be supported by substantial evidence. *Marbury*, 957 F.2d at 839.

In discrediting Plaintiff's subjective pain testimony, the ALJ noted the inconsistencies between Plaintiff's testimony and the objective medical evidence, the lack of treating source opinions and lack of hospitalization records, and Plaintiff's own inconsistent representations during the hearing. Tr. 11-14. The ALJ relied on the medical opinions of Dr. Manley and Dr. Banner, who both diagnosed Plaintiff's genital warts condition and hypertension, but neither opined that Plaintiff's impairments preclude him from working.[5] Dr. Manley considered Plaintiff's statements of his symptoms "to be partially credible" and "secondary to the . . . medical evidence in file." Tr. 13, 195. Dr. Manley "opined that claimant has no communicative, environmental, manipulative, postural, or visual limitations," Tr. 192-94, and noted that "claimant had a normal gait and was able to squat." Tr. 13, 195. Both Dr. Manley and Dr. Banner reported that Plaintiff "demonstrated no pain or difficulty getting on and off the table and claimant was able to walk normal steps, height and length without deviation from straight line . . . [and] was able to complete squat without difficulty or evidence of discomfort." Tr. 12, 188, 191. Dr. Banner further reported that Plaintiff "needs immediate

---

[5] The ALJ assigned "significant evidentiary weight to the opinion of [Dr.] Manley" and noted that "the opinion of Dr. Banner supports [her] opinion." Tr. 13.

urology care and treatment for his genital warts," but he "opined that both the genital warts and hypertension should be resolvable." Tr. 12-13, 189. This Court finds that Plaintiff's allegations that he suffers debilitating pain which prevents him from working is inconsistent with the objective medical evidence of record and therefore substantial evidence supports the ALJ's finding that Plaintiff's allegations are not fully credible.[6]

Plaintiff contends that the opinions of Dr. Manley and Dr. Banner "would lend credibility to [Plaintiff's] claim of constant pain and limit his ability to stand or walk for any considerable period of time." Pl.'s Brief (Doc. #10) at 8-9. It is difficult to imagine how the objective medical evidence cited by Plaintiff, which consists of the opinions of Dr. Manley and Dr. Banner could confirm the veracity of Plaintiff's subjective complaints when neither physician found Plaintiff's complaints to be fully credible. At most, this evidence suggests, as the ALJ found, that Plaintiff's impairments could reasonably be expected to cause the pain about which he complains. Moreover, Plaintiff does not address the numerous bases given by the ALJ for his decision to find Plaintiff's testimony less than fully credible.

Plaintiff also argues that "[t]he ALJ limited claimant's testimony during the hearing by not allowing claimant's attorney to fully develop questioning regarding the genital warts' and associated sympt[o]matology." Pl.'s Brief (Doc. #10) at 9. Plaintiff reasons that "[h]ad

---

[6] The Commissioner also points to an inconsistency regarding Plaintiff's alleged onset date noting, "the record shows that Plaintiff performed full-time construction work even after the alleged onset of disability in January 2009, that he stopped working in February 2010 because he was 'laid off' (not because of his impairments), and that he remained 'active' despite his allegedly disabling condition (Tr. 10; *see* Tr. 199-200)." Def.'s Brief (Doc. #11) at 6-7.

10

the ALJ fully developed the case he then would have appropriately applied the third prong of the pain standard and determined that due to the enormous size and drainage from the genital warts that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain." *Id.*  The Court disagrees.  The Court's review of the record reveals that Plaintiff *did* have the opportunity to testify about his pain at the hearing and his attorney was able to further question him on his pain and the symptoms of his genital warts condition.[7]  Moreover, the ALJ's opinion clearly indicates that he did note the size of Plaintiff's warts and Plaintiff's complaints of pain and drainage. *See* Tr. 12-14.  Plaintiff's testimony at the hearing was sufficient for the ALJ to ascertain the nature of Plaintiff's condition, treatment, if any, and the impact of the alleged impairment on his daily life.  Upon review of the record, this Court finds that Plaintiff was given the opportunity to testify at the hearing and the ALJ adequately developed the record and applied the pain standard.  Thus, Plaintiff's argument must fail.

For the reasons given above, it is clear that the ALJ properly applied the pain standard, articulated sufficient reasons for his decision finding Plaintiff's subjective pain testimony less than fully credible, and those reasons are supported by substantial evidence. Accordingly, Plaintiff's claim that the ALJ erred in applying the pain standard is without

---

[7] For example, on examination by his attorney, Plaintiff indicated that his warts "drain [and] hurt," that they "hurt all the time," and that the pain is "about a 4" on a scale of 1 to 10.  Tr. 32.  In fact, Plaintiff's brief also indicates, "Claimant documented that the warts hurt him all the time, that he was in constant pain and that the warts drain."  Pl.'s Brief (Doc. #10) at 9.

merit.

>    **B.     The ALJ's finding that there are jobs in the national economy Plaintiff can perform.**

Here, Plaintiff puts forth two arguments. First, that the ALJ failed to include all of Plaintiff's limitations in the hypothetical he posed to the VE because he did not include Plaintiff's subjective allegations of pain and other symptoms he suffers due to his genital warts. Pl.'s Brief (Doc. #10) at 9. Second, Plaintiff argues that the ALJ failed to consider the VE's negative response to the question of whether the hypothetical individual would be able to work if he were to miss three days of work each month. *Id.* at 9-10.

Both of Plaintiff's arguments are premised on the assumption that the ALJ erred when he discounted Plaintiff's subjective allegations of pain. As the Commissioner points out, "the ALJ's hypothetical included all of Plaintiff's *credible* limitations." Def.'s Brief (Doc. #11) at 9 (emphasis added). The ALJ is only required to include in the hypothetical those impairments which he actually finds credible. *See Buie v. Astrue*, 2008 WL 718111, at *4 (M.D. Fla. Mar. 14, 2008) ("The ALJ did not have to include limitations he found not credible in the hypothetical." (citing *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987)); *Roberts v. Astrue*, 2008 WL 697343, at *6 (M.D. Fla. Mar. 13, 2008) ("While an ALJ is obliged to fully incorporate all limitations in his hypothetical questions, he is not obligated to include unsupported subjective restrictions and/or complaints in a hypothetical." (citing

*Howe v. Astrue*, 499 F.3d 835, 842 (8th Cir. 2007) (providing that hypothetical questions need only to include impairments that are supported by the record and that the ALJ accepts as valid); *Clay v. Barnhart*, 417 F.3d 922, 931 (8th Cir. 2005) (noting that the ALJ did not err in omitting additional restrictions not supported by the evidence); *Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001) (providing that an ALJ is not required to include in a hypothetical question those limitations he concludes are not credible)).  Because the ALJ did include all limitations he found to be credible, he properly posed the hypothetical question to the VE and reasonably relied on the VE's testimony in finding there are jobs in the national economy Plaintiff can perform.  Thus, Plaintiff's argument lacks merit.

## VI.  CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is supported by substantial evidence and is AFFIRMED.  A separate judgment will issue.

Done this 20th day of December, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE